GILLESPIE, Chief Justice:
On June 28, 1971, South Central Bell Telephone Company (South Central) filed *465 a proposed rate increase with the Mississippi Public Service Commission (Commission). South Central estimated that the proposed rates would generate additional gross annual revenues of $20,100,000, and would enable the company to realize a return of 9.3 percent on the net average investment in property used in providing intrastate telephone service in Mississippi. After due notice, protests were filed by George Young and others (protestants) and a lengthy public hearing was held by the Commission. On November 30, 1971, the Commission entered a final order allowing South Central to amend its rates to produce additional gross annual revenues of $12,900,000 (approximately 64 percent of the amount sought). Protestants appealed to the Chancery Court of the First Judicial District of Hinds County wherein the order of the Commission was affirmed. Protestants then appealed to this Court.
After a careful consideration of the numerous-questions raised by protestants, the Court finds that the order of the Commission is supported by substantial evidence, is not contrary to the manifest weight of the evidence, does not exceed the statutory authority or jurisdiction of the Commission, and does not violate the constitutional rights of any citizen.
Of the numerous questions raised by appellant, we discuss only one. Protestants contend that the Commission is unconstitutionally organized.' They state that although rate making is a legislative function there is no provision for the orders of the Mississippi Public Service Commission to be vetoed or approved by the Governor. Section 72 of the Mississippi Constitution of 1890 provides that every bill which is passed by the legislature shall he presented to the governor for approval. Protestants also argue that the Commission as it is presently organized constitutes a fourth branch of government. In support of this argument they cite Mississippi Constitution of 1890, Article 1, sections 1 and 2, which provide for the division of the government into three distinct departments and prohibits one department from exercising powers properly belonging to another.
In John M. Stone, et al. Composing the Railroad Commission of Mississippi v. Farmers Loan and Trust Co., 116 U.S. 307, 6 S.Ct. 334, 29 L.Ed. 636 (1886), the Supreme Court of the United States cited previous decisions of this Court and held that the Railroad Commission, the predecessor of the present Mississippi Public Service Commission, was not unconstitutionally organized under the statutes then existing. Since that decision, the Constitution of 1890 has been adopted and Article 7, section 186, provides as follows :
The Legislature shall pass laws to prevent abuses, unjust discrimination, and extortion in all charges of express, telephone, sleeping-car, telegraph and railroad companies, and shall enact laws for the supervision of railroads, express, telephone, telegraph, sleeping-car companies, and other common carriers in this state, by commission or otherwise, and shall provide adequate penalties, to the extent, if necessary for that purpose, of forfeiture of their franchises.
This section of the Constitution expressly provides for the regulation of telephone rates by commissions. The legislative act creating the Mississippi Public Service Commission and setting forth its duties and the manner in which it shall function is in accord with universal authority. 1 Am.Jur.2d, Administrative Law § 129; 64 Am.Jur.2d, Public Utilities § 230.
The Governor had the right to approve or veto the act creating the Commission. It does not impinge upon the power of the Governor. We find no merit in the contention that the Commission is unconstitutionally organized.
There are no grounds for the reversal of the chancery court. It properly affirmed the Commission’s order. ,
Affirmed.
INZER, SUGG, WALKER and BROOM, JJ., concur.